UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00040-TBR

B.S., by and through
his next friends, C.S. and S.S., his parents                                    PLAINTIFFS

v.

BOARD OF EDUCATION OF                                                            DEFENDANT
OLDHAM COUNTY SCHOOLS

MEMORANDUM OPINION

This matter comes before the Court upon Plaintiff's motion for attorney fees. (Docket #9). Defendant has responded. (Docket #13). Plaintiff has replied. (Docket #14). Plaintiff has also filed a motion to amend his request for attorneys' fees. (Docket #15). Defendants have responded. (Docket #16). Plaintiff has replied. (Docket #17). The Court being sufficiently advised, for the following reasons, Plaintiff's motions for attorneys' fees (Docket #9, 15) will be GRANTED.

BACKGROUND

Plaintiff B.S. is a student who struggles with social and learning difficulties. Defendant Board of Education of Oldham County, Kentucky (the "Board") is the education agency encompassing the school system which Plaintiff attends. This action follows a Due Process Hearing in which Plaintiff requested the Board provide a Free and Appropriate Education ("FAPE") in accordance with 34 CFR 300.101 and 707 KAR 1:290 (2015). The hearing officer found in favor of Plaintiff in part and against Plaintiff in part. Both parties appealed. The Exceptional Children's Appeal Board affirmed in part and reversed in part. Plaintiff now requests attorneys' fees as the prevailing party pursuant to 34 CFR 300.517(c) and 20 U.S.C.

§1415(3). The Board argues Plaintiff's request should be denied because the Board prevailed on the majority of issues and also tendered an offer of judgment to Plaintiff which exceeded Plaintiff's final award.

Plaintiff was adopted as an infant from the Republic of Georgia. Plaintiff has "a long history of social skills deficits, anxiety, and behavioral issues, as well as delays in development of gross motor skills, and academic difficulties, going back at least as far as kindergarten." (Docket #1-2). Plaintiff was evaluated at age seven and found to have average nonverbal reasoning skills but low average verbal functioning and spatial processing scores. Plaintiff exhibited signs of aggression and defiance that would reoccur.

The following year both an Individual Education Program ("IEP") and Behavior Intervention Plan ("BIP") were formulated for Plaintiff. The hearing officer criticized the IEP and BIP for failing to set clear guidelines and emphasizing proper behavior over social skills training. (Docket #1-2). After Plaintiff was diagnosed with a speech and language impairment the IEP was amended to address these concerns. Plaintiff's fourth grade teachers reported that Plaintiff was progressing in language skills, but "was still reading at the 2.7 grade level." (Docket #1-2).

An IEP was developed for Plaintiff's fifth grade year which set clear goals for improvement in language skills, social interaction, and behavior. The BIP was also revised to address social interaction development. The IEP and BIP were revised throughout the year to provide additional measurable goals. Plaintiff still continued to struggle with behavior, including making sexual comments. Plaintiff began receiving additional adult supervision. During fifth grade, Plaintiff was suspended and attended court proceedings and subsequently transferred to a new school within the Board's district. While Plaintiff had previously spent full time in a regular

2

classroom, at the new school Plaintiff was transferred full time to the special classroom. A new BIP was formulated to address Plaintiff's inappropriate language and sexual comments. (Docket #1-2).

Plaintiff was home schooled for the fall semester of his sixth grade year. Plaintiff returned to public school in the spring, but after several weeks was suspended and Child Protective Services was contacted because of Plaintiff's behavior. Plaintiff was transferred to a new school due to safety concerns for another student. Plaintiff was suspended several more times for profanity, pornography, aggressive behaviors towards students, and threats made to the staff. (Docket #1-2). In May, 2013, upon the recommendation of Plaintiff's treating physician, Plaintiff spent the remainder of the school year at home.

In the summer of 2013 Plaintiff was evaluated by Dr. Ronald Federici. Federici diagnosed Plaintiff with several learning disorders, a low average intelligence, and motor and sensory impairments. Federici opined that Plaintiff's disabilities were caused by "unspecified high risk pre- and post-natal factors which have affected brain grown and development." (Docket #1-2).

Plaintiff returned to public school for seventh grade. In November, 2013, Plaintiff's parents informed the Board of their dissatisfaction with the IEP and enrolled Plaintiff at the Bluegrass Autism Center.

Plaintiff was enrolled at Bluegrass Autism Center at the time of the hearing officer's decision. Plaintiff brought ten issues before the hearing officer. The hearing officer found in favor of Plaintiff on two issues, awarding Plaintiff a functional behavioral assessment and two years of compensatory education. (Docket #1-2). Both parties appealed.

The Exceptional Children's Appeals Board ("Appeals Board") affirmed the hearing officer's decision that Plaintiff had been deprived of two years of Free and Appropriate Public Education ("FAPE"). (Docket #1-3). The Appeals Board found the IEP was deficient for failing to provide more individualized instruction. The Appeals Board also found a functional behavioral assessment ("FBA") should have been performed and required an FBA to be performed by an independent, board-certified behavioral analyst. The Appeals Board also ordered an IEP to be crafted after the FBA had been performed.

The hearing officer found the Board had no obligation to evaluate the Plaintiff for autism; Plaintiff could not recover for failure to adequately train staff; Plaintiff could not be reimbursed for the Federici evaluation; Plaintiff could not be reimbursed for attending Bluegrass Autism Center; and there was insufficient evidence to require an assistive technology evaluation. (Docket #1-2). The Appeals Board affirmed these findings. (Docket #1-3).

Plaintiff now requests attorneys' fees for these proceedings.

## STANDARD

The Individuals with Disabilities Education Act (IDEA) "requires state and local educational agencies to establish procedures to assure that children with disabilities and their parents are guaranteed certain procedural safeguards with respect to the provisions of a free appropriate public education." *Fischer v. Rochester Community Schools*, 780 F. Supp. 1142, 1145 (E.D. Mich. 1991). "In any action or proceeding brought under [IDEA], the court, in its discretion, may award reasonable attorneys' fees" to a prevailing party. 20 USCS §1415(i)(3)(B).

A prevailing party is "a party who has succeeded on any significant issue in litigation which achieves some of the benefit the party sought in bringing the action." *Fischer*, 780 F.

Supp. At 1149 (*quoting Angela L. v. Pasadena Independent School District*, 918 F.2d 1188 (5th Cir. 1990)).  A plaintiff is not required to succeed on all claims.  *Farrar v. Hobby*, 506 U.S. 103 (1992); *see also Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989). Instead, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id*. at 111;  *Hall v. Detroit Pub. Sch.*, 823 F. Supp. 1377, 1381 (E.D. Mich. 1993).

## DISCUSSION

The parties do not dispute that Plaintiff qualifies as a prevailing party.  Plaintiff was awarded a functional behavioral assessment ("FBA") and two years of compensatory education and thereby succeeded on a material issue.  Instead, the Board argues Plaintiff's claim for attorneys' fees should be denied because the Board tendered an offer of judgment that was more favorable than Plaintiff received.  Alternatively, the Board argues Plaintiff's attorneys' fees should be reduced because Plaintiff prevailed on only two of ten claims.  The Court will first address (I) the offer of judgment; then (II) the reduction of attorneys' fees.

**I.     Offer of Judgment.**

A prevailing party who would qualify for attorneys' fees may nevertheless be prohibited from receiving attorneys' fees if the opposing party made an offer of judgment, the prevailing party rejected that offer, and the prevailing party failed to obtain relief more favorable than the offer of judgment.  20 U.S.C. § 1415(i)(3)(D)(i); *Woods v. Northport Pub. Sch.*, 2011 U.S. Dist. LEXIS 35330 *63-64 (W.D. Mich. 2011) (denying Plaintiffs' request for attorneys' fees for work performed after Defendants' offer of settlement).   Notwithstanding this rule, a prevailing party who rejected an offer of settlement that was ultimately superior to the prevailing party's

recovery may still receive attorneys' fees if the prevailing party was "substantially justified in rejecting the settlement offer." 20 U.S.C. § 1415(i)(3)(E).

In this case, the Board argues that its March 2, 2014 offer of judgment was superior to the relief ultimately received by Plaintiff. (Docket #13). In response, Plaintiff argues he was substantially justified in rejecting the Board offer and was awarded two years of compensatory education, relief which the Board had not offered. (Docket #14).

The Court agrees that Plaintiff was substantially justified in rejecting the Board's offer. The Board's offer included an independent OT assessment; a functional behavior assessment ("FBA"); a revised behavioral intervention plan; specialized curriculums for addressing Plaintiff's speech, math, and social skills; transportation to and from school; and $4,000 in attorneys' fees. (Docket #13-2). While this is a significant offer, Plaintiff ultimately prevailed in showing that Plaintiff had been denied a Free and Appropriate Education ("FAPE") and was awarded two years of compensatory education in addition to an FBA and other relief. (Docket #13-4). Accordingly, the Court finds that Plaintiff was substantially justified in rejected the Board's offer. *See Gross v. Perrysburg Exempted Vill. Sch. Dist.*, 306 F. Supp. 2d 726, 734-35 (N.D. Ohio 2004).

**II.     Reduction of Attorneys' Fees.**

As an initial matter, the Board objects to a $500 fee that Plaintiff charged for "Court-appearance-Juvenile" on August 6, 2013. The Board states there were no proceedings which took place on that date. (Docket #13). In response, Plaintiff states that counsel was "consulted by the Parents concerning the Oldham Family Court matter, but did not attend the Court proceedings." (Docket #14). The Court finds this is too far removed from the underlying proceedings and this charge is disallowed.

6

The Board does not contest Plaintiff's counsel's remaining charges or the hourly rate charged by Plaintiff's counsel. Instead, the Board argues that Plaintiff's attorneys' fees should be reduced because Plaintiff prevailed on only two out of ten claims. (Docket #13).

"A district court has discretion to award attorney fees based on the facts of each case." *Gross*, 306 F. Supp. 2d at 730. Courts have rejected a pure mathematical approach to reducing attorneys' fees based on the percentage of claims won. *K.L. v. Scott County Schs.*, 2007 U.S. Dist. LEXIS 47190 *7 (E.D. Ky. 2007) (*Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Instead, "the district court should focus on the significance of the overall relief obtained." *Hensley*, 461 U.S. at 435. A full fee may be awarded if the Plaintiff obtained "excellent results," but may be reduced if the Plaintiff "achieved only partial or limited success." *Gross*, 306 F. Supp. 2d at 731 (*quoting Hensley*, 461 U.S. at 437-38).

The Court finds that although Plaintiff succeeded on only two claims, these two claims are the most significant claims asserted. First, Plaintiff succeeded in showing that Plaintiff was denied a Free and Appropriate Education and was therefore awarded two years of compensatory education. Second, Plaintiff was awarded a formal functional behavioral assessment, "performed by a qualified independent behavioralist," which the Exceptional Children Appeals Board found "should have been performed by the School itself earlier in the Student's matriculation." (Docket #13-4). The eight claims on which Plaintiff did not succeed are ancillary to these claims. Those claims are:

> failure to evaluate the student in all areas of suspected disability; inadequacy of the evaluations for the student; failure to educate the student in the least restrictive environment; failure to adequately develop an adequate Behavior Intervention Plan (BIP); failure to recognize the parents as equal partners in the ARC; failure to allow the parents' request for an independent educational evaluation; and failure to adequately train all services providers who were responsible for implementing the student's IEP, all of which relate to the provision of FAPE. (Docket #13-4).

7

Although these claims are ancillary, significant time and resources went into arguing each of these claims. Plaintiffs failure to prevail on these claims is a factor this Court may consider in reducing Plaintiff's attorneys' fees. *Deal v. Hamilton County Dep't of Educ.*, 2006 U.S. Dist. LEXIS 76324 *23 (E.D. Tenn.) ("no attorneys' fee should be awarded for work on an unsuccessful claim"); *Jason D. W. by Douglas v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209-10 (5th Cir. 1998) (reducing attorneys' fees by approximately 75% – from $ 32,943.97 to $ 8,340.49 – in case where plaintiff prevailed on three of nineteen claims); *see also Gibson v. Forest Hills Sch. Dist. Bd. of Educ.*, 2014 U.S. Dist. LEXIS 96112 (S.D. Ohio, 2014) (finding "an across-the-board reduction is authorized and appropriate" and reducing $800,314.50 in attorneys' fees to $300,000, an approximately 63% reduction).

After reviewing the Hearing Officer's decision (Docket #1-2), the Exceptional Children Appeals Board's decision (Docket #1-3), Plaintiff's affidavit in support of attorneys' fees (Docket #1-4), and the parties arguments, the Court holds Plaintiff's request for $44,890.85 shall be reduced by $500 and then reduced by 50% for a total of $22,195.43.

Plaintiff has also requested $2,672.50 in attorneys' fees for bringing this action to recover attorneys' fees. (Docket #15). While "a lawyer should receive a fee for preparing and successfully litigating the attorney fee case after the original case is over," the Sixth Circuit has recommended limited recovery "to insure that the compensation from the attorney fee case will not be out of proportion to the main case and encourage protracted litigation." *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986). "In the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary." *Id*. Several courts have

8

followed this guideline in "fees for fees" cases. *Gibson v. Forest Hills Local Sch. Dist. Bd. of Educ.*, 2015 U.S. Dist. LEXIS 85781 *3-4 (S.D. Ohio 2015) (collecting cases). Plaintiff's request for $2,672.50 in additional fees will be reduced to $1,109.77, which represents 5% of Plaintiff's recoverable attorneys' fees in the underlying action. Accordingly, Plaintiff will be awarded a total of $23,305.20 in attorneys' fees.

Finally, the Board argues Plaintiff's attorneys' fees should be reduced because Plaintiff unnecessarily prolonged this litigation. "Under the IDEA, whenever a court finds that a fee applicant seeking attorneys' fees under the statute has 'unreasonably protracted the final resolution of the controversy,' the court 'shall reduce, accordingly, the amount of attorneys' fees awarded.'" *Jason D. W. by Douglas v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 211 (5th Cir. 1998); *Fischer v. Rochester Community Schools*, 780 F. Supp. 1142 (E.D. Mich. 1991).

The Board argues Plaintiff unnecessarily protracted this litigation by rejecting the Board's reasonable offer to settle. (Docket #13). The Board states that when it made its first offer of settlement, Plaintiff had incurred only $2,600 in attorneys' fees. However, as Plaintiff argues and this Court has found, Plaintiffs were substantially justified in rejecting this offer. Moreover, both parties engaged in settlement discussions. While these negotiations failed to bear fruit, both parties made offers and counter-offers that were reasonable in the course of settlement talks. (Docket #13-2, 14-1). Finally, while the trial was delayed, it appears to have been delayed due to the death of the hearing officer's father-in-law, a delay which cannot be attributed to Plaintiff. (Docket #14). For the foregoing reasons, the Court denies the Board's request to reduce Plaintiff's attorneys' fees due to protracted litigation.

CONCLUSION

IT IS HEREBY ORDERED that, for the foregoing reasons, Plaintiff's motions for attorneys' fees (Docket #9, 15) will be GRANTED. Plaintiff may recover $23,305.20 in attorneys' fees.

The Court will issue a separate order and judgment.