UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00040-TBR

B.S., by and through
his next friends, C.S. and S.S., his parents                    **PLAINTIFFS**

**v.**

**BOARD OF EDUCATION OF                                         DEFENDANT**
**OLDHAM COUNTY SCHOOLS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's motion to vacate.  (Docket #19). Plaintiff has responded.  (Docket #20).  Defendant has replied.  (Docket #21).  The Court being sufficiently advised, for the following reasons, Defendant's motion to vacate (Docket #19) is DENIED.

## BACKGROUND

Plaintiff B.S. is a student who struggles with social and learning difficulties.  Defendant Board of Education of Oldham County, Kentucky (the "Board") is the education agency encompassing the school system which Plaintiff attends.  Additional background information may be found in this Court's memorandum opinion granting in part Plaintiff's motion for attorneys' fees.  (Docket #18).

On June 4, 2013, Plaintiff requested the Kentucky Department of Education "appoint a Hearing Officer to preside over a Due Process hearing pursuant to 707 KAR 1:340 (Section 2)." (Docket #13-1).  Plaintiff requested that the Board be found to have failed to properly evaluate Plaintiff for a disability, failed to develop a Behavior Intervention Plan, and failed to provide a Free and Appropriate Education ("FAPE"), among other requests.  (Docket #13-1).

1

On March 3, 2014, the Board made an offer of judgment which contained, among other things, an offer to conduct an occupational therapy assessment, a functional behavioral assessment, the creation of a new a Behavior Intervention Plan, a math assessment and math interventions, and $4,000 in attorneys' fees. (Docket #13-2). Plaintiff rejected this offer of judgment. (Docket #13-3).

The Hearing Officer found in favor of Plaintiff on his claim that he had been denied a Free and Appropriate Education ("FAPE") for two school years. The Hearing Officer awarded Plaintiff two years of compensatory education and ordered the Board to conduct a functional behavioral assessment. The Hearing Officer denied all of Plaintiff's remaining requests.[1] (Docket #1-2).

Both parties appealed. The Exceptional Children's Appeal Board ("ECAB") affirmed in part and reversed in part. (Docket #1-3). The ECAB affirmed the Hearing Officer's conclusion that Plaintiff had been denied a Free and Appropriate Education for two years. (Docket #1-3). The ECAB also revised the Hearing Officer's award of compensatory education. The interpretation of this revision is disputed by the parties.

Plaintiff filed this action requesting attorneys' fees as the prevailing party pursuant to 34 CFR 300.517(c) and 20 U.S.C. §1415(3). (Docket #9). The Board responded that even if Plaintiff could be considered the prevailing party, Plaintiff was not entitled to attorneys' fees because the Board made an offer of judgment to Plaintiff that was more generous than what Plaintiff ultimately recovered. (Docket #13). This Court found that although Plaintiff did not prevail on most issues, Plaintiff did prevail on the two "most significant claims asserted."

---

[1] These include Plaintiff's arguments that the Board was obligated to evaluate Plaintiff for autism and failed to adequately train staff. The Hearing Officer also denied Plaintiff's requests for reimbursement for attending an alternative school and being evaluated by psychologist Dr. Federici.

(Docket #18).  The Court found "Plaintiff was denied a Free and Appropriate Education" and was awarded was a functional behavioral assessment and two years of compensatory education. (Docket #18).  Accordingly, the Court granted Plaintiff's request for attorneys' fees but reduced by 50% the award of attorneys' fees.  (Docket #18).  The Board now moves to vacate that judgment on the grounds that this Court made a mistake of fact in finding Plaintiff had been awarded two years of compensatory education.  (Docket #20).

## STANDARD

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment" due to "mistake, inadvertence, surprise, or excusable neglect," among other reasons.  Fed. R. Civ. P. 60(b).  The Sixth Circuit has stated that "a Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."  *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000).  "By providing that a court 'may' relieve a party from a judgment or order, Rule 60(b) allows for the exercise of some judicial discretion in determining whether to grant relief."  *Keszthelyi v. United States*, 2011 WL 1884007, at *16 (E.D. Tenn. May 17, 2011).  "Relief under Rule 60(b) is circumscribed by the policy favoring the finality of judgments and the termination of litigation."  *Id.* (collecting cases).

## DISCUSSION

"Compensatory education is a legal term used to describe future educational services that are awarded to compensate for a school district's failure to provide a free appropriate public education in the past."  *Brett v. Goshen Cmty. Sch. Corp.*, 161 F. Supp. 2d 930, 942 (N.D. Ind.

2001).  "Compensatory educational services may include supplemental instruction, extended school years, testing accommodations, and assistive technology."  *Pohorecki v. Anthony Wayne Local Sch. Dist.*, 637 F. Supp. 2d 547, 553 (N.D. Ohio, 2009) (citing 34 C.F.R. §§ 300.105-107).

This Court previously held that Plaintiff was justified in rejecting the Board's offer of judgment because "Plaintiff ultimately prevailed in showing that Plaintiff had been denied a Free and Appropriate Education ("FAPE") and was awarded two years of compensatory education in addition to an FBA and other relief."  (Docket #18).  The Board argues this Court made a mistake of fact in stating Plaintiff was awarded two years of compensatory education.  The Court agrees that only the Hearing Officer awarded two years of compensatory education.  However, the Court finds that while ECAB did not adopt a set time period of compensatory education, ECAB did adopt an award package which substantially mirrored that awarded by the Hearing Officer.  The Court has already analyzed this award and found that it was sufficient to justify Plaintiff's refusal of the Board' offer of judgment.

The Hearing Officer found that the Board did not offer a Free and Appropriate Education for two school years.  The Hearing Officer further found Plaintiff "is entitled to two years compensatory education, which the LEA shall provide in a manner that puts [Plaintiff] in the positon he would have had, but for the denial of FAPE."  (Docket #1-2).  The Hearing Officer explained that in "order to accomplish this" grant of compensatory education, the Board must (1) "provide one-to-one instruction;" (2) "fully implement all recommendations of the the the (sic) independent behavioralist;" (3) "pay for the services of the independent behavioralist to assist with revisions of the BIP no less often than annually, for at least three years;" and (4) "provide supervised opportunities for the [Plaintiff] to engage in appropriate social interactions with peers" for the next three years.  (Docket #1-2).

The parties dispute the degree to which ECAB modified the Hearing Officer's award of compensatory education.  Their analysis is complicated by the fact that ECAB did not summarize its conclusions but instead addressed the issues piecemeal over twenty-eight pages. The Court finds that although ECAB modified the Hearing Officer's award, ECAB affirmed the major elements of the Hearing Officer's award.

First, ECAB clearly "affirm[ed] the Hearing Officer's findings and Order with regard to FAPE."  (Docket #1-3).  ECAB agreed that Plaintiff had been denied a Free and Appropriate Education for two school years.[2]  Starting from that framework, ECAB modified elements of the Hearing Officer's award.

ECAB agreed with the Hearing Officer that the school "failed to conduct a Functional Behavior Assessment."  (Docket #1-3, p. 7).  ECAB further "agree[d] with the hearing officer that a formal functional behavioral assessment should be performed by a qualified independent behavioralist to assist in developing an appropriate BIP [Behavior Intervention Plan]."  (Docket #1-3, p. 14).  ECAB also agreed with the Hearing Officer that "given the history of the school's efforts to manage the student's behavior, it is appropriate that the FBA be performed by a behavioralist who is not an employee of the school, that the behavioralist be consulted annually for three years regarding revisions of the BIP, and that the cost of the assessment and consultations be paid for by the school as compensatory education."  (Docket #1-3).

ECAB also agreed with the Hearing Officer that the individualized education plan ("IEP") was deficient, though ECAB did modify the Hearing Officer's recommendation.  First,

---

[2] "In the case at hand Student's progress was not even minimal due to the exhibited behaviors which were not addressed by the School in developing an adequate Behavior Intervention Plan (BIP). The District also failed to conduct a Functional Behavior Assessment which could have provided valuable information to assist in developing the behavior interventions."  (Docket #1-3).

ECAB found the IEP was deficient in multiple ways, including its "lack of measurable goals" and absence of an "adequate behavioral intervention plan." (Docket #1-3, p. 9). ECAB specifically found "THE IEP WAS DEFICIENT IN FAILING TO PROVIDE FOR MORE INDIVIDUALIZED INSTRUCTION." (Docket #1-3, p. 12). While ECAB overturned the Hearing Officer's decision that the school be required to provide "all instruction be one-on-one," ECAB reached this conclusion because "it would be premature" to order one-one-one instruction "without taking into account the results of the FBA [functional behavior assessment]." (Docket #1-3, p. 16). ECAB still "strongly" recommended that the Plaintiff be provided with more one-on-one instruction. (Docket #1-3, p. 16). Therefore, while ECAB modified the Hearing Officer's award on this issue, the Court finds that ECAB's recommendation was substantially similar to the Hearing Officer's award.

ECAB did reject the Hearing Officer's decision that "the school must provide supervised opportunities for social interaction as a form of compensatory education." (Docket #1-3). However here, as with the one-on-one instruction award, ECAB allowed an award of supervised social interaction if it was recommended in the IEP.

In short, ECAB did not adopt the Hearing Officer's conclusion that Plaintiff was entitled to two years of compensatory education, but ECAB did endorse the recommendations of the Hearing Officer that comprised the two years of compensatory education. The Court does not agree with the Board that ECAB's removal of the two years of compensatory education is as significant in light of the awards which ECAB did grant. A "flexible approach, rather than a rote hour-by-hour compensation award, is more likely to address [a student's] educational problems successfully." *Bd. of Educ. of Fayette Cty., Ky. v. L.M.*, 478 F.3d 307, 310 (6th Cir. 2007). Furthermore, the Court has previously considered this relief and found that it exceeded the

6

Board's offer of judgment.  (Docket #18).  The Court has also already reduced Plaintiff's request for attorneys' fees by 50% on the grounds that Plaintiff achieved limited success.  (Docket #18).

CONCLUSION

IT IS HEREBY ORDERED that, for the foregoing reasons, Defendant's motion to vacate (Docket #19) is DENIED.